UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| AMANSIO GARCIA JUAREZ, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos. 2:10-CR-110-RLJ-9 2:16-CV-185-RLJ |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 1226]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States filed a response in opposition on July 22, 2016 [Doc. 1238]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, the petition will be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

In 2011, Petitioner pled guilty to, and was later convicted of, conspiring to distribute and possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(8); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [Docs. 530, 592, 982]. As a result of his convictions, Petitioner faced statutorily-mandated 60-month consecutive mandatory minimums for his offenses. Consistent with the same, this Court sentenced Petitioner to an aggregate term of 120 months' incarceration on May 31, 2012 [Doc. 982]. Petitioner did not file a direct appeal.

Four years later—on June 20, 2016, Petitioner filed the instant motion requesting sentencing relief in light of the *Johnson* decision [Doc. 1126]. After advising Petitioner about the consequences inherent with its decision to do so and affording him an opportunity to object, the Court construed the request as a motion for collateral relief under § 2255.

## II. ANALYSIS

To the extent that Petitioner argues that he no longer possesses the predicate offenses for categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same, that argument fails because he was never subjected to those provisions.[1]

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2).

To the extent Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his conviction under § 924(c)(1)(A), that argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit").

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under § 924(c)(1)(A) did not rely on that provision. To the contrary, Petitioner was convicted of possessing a firearm in furtherance of a drug trafficking crime, not crime of violence [Doc. 982]. The statute defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., [or] the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq." 18 U.S.C. § 924(c)(2). The *Johnson* decision has no bearing whatsoever on the scope of that definition. *Accord United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* irrelevant to drug offenses). As such, Petitioner has failed identify a viable basis for vacating his § 924(c) conviction.

---

[2] Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 1226] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge